# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

M. RANDY RICE, as Chapter 7 Trustee                                           PLAINTIFF

v.                                   No. 4:11CV00386 JLH

LUKEN COMMUNICATIONS, LLC                                                DEFENDANT

## OPINION AND ORDER

This action began as an adversary proceeding in the bankruptcy case of Equity Media Holdings Corporation, which was jointly administered with a host of Equity Media's subsidiary debtors, one of which was C.A.S.H. Services, Inc. In the original adversary proceeding complaint, Randy Rice, as Chapter 7 Trustee, sought to avoid and recover an allegedly fraudulent transfer of an asset known as Retro Television Network, which he alleged had been transferred from Equity Media to Luken Communications, LLC. Luken Communications moved to withdraw the reference, and that motion was granted, which brought the matter to this Court.

Once the reference had been withdrawn and the matter brought before this Court, on November 15, 2011, the Trustee filed a motion for leave to file an amended complaint and attached the proposed amended complaint. No objection was made to the motion or proposed amended complaint. After the time had expired for objecting, the Court entered an order granting that motion.[1]

The Trustee then filed the amended complaint, stating, as he stated in the original complaint, that he brings this action as Chapter 7 Trustee of Equity Media and its jointly administered subsidiary debtors, one of which was C.A.S.H. Services. The amended complaint, for the first time, alleged that

---

[1] Local Rule 7.2(b) provides that any party opposing a motion must file a response within fourteen days from the date of service. Even with the addition of three days for mailing pursuant to Rule 6(d) of the Federal Rules of Civil Procedure, any opposition to the motion for leave to amend was due on December 2, 2011. The order granting the motion for leave to file an amended complaint was entered on December 7, 2011. Document #33.

C.A.S.H. Services was an owner of Retro Television Network and had conveyed its ownership interest to Equity Media. The first amended complaint seeks, again, to avoid that transfer and to recover the asset, but because the first amended complaint alleges that the asset was owned at least in part by C.A.S.H. Services, the recovery of the asset would be at least in part on behalf of Randy Rice, as Trustee for C.A.S.H. Services.

Luken Communications has filed a motion to dismiss, arguing that the initial adversary proceeding was brought by Rice as Trustee for Equity Media, not as trustee for C.A.S.H. Services, so the first amended complaint has, in Luken Communications' view, added a new plaintiff. The estate of Equity Media and the estates of the subsidiary debtors, including C.A.S.H. Services, were jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy, but not substantively consolidated pursuant to Rule 1015(a). According to Luken Communications, to recover an asset of C.A.S.H. Services, the Trustee should have commenced the adversary proceeding in the bankruptcy estate of C.A.S.H. Services. Luken Communications argues that the amended complaint improperly adds Rice as Trustee for C.A.S.H. Services, as a plaintiff, in addition to Rice as Trustee for Equity Media. Luken Communications further argues that the statute of limitations for commencing an avoidance action expired with respect to the bankruptcy estate of C.A.S.H. Services before the first amended complaint was filed, so the claims by Rice as Trustee for C.A.S.H. Services are barred.

Assuming, for the sake of argument, Luken Communications is correct that the first amended complaint added a new plaintiff, its argument against such an addition has been waived. If Rice as Trustee for C.A.S.H. Services was not a party to the original complaint, he became a party when the first amended complaint was filed without objection from Luken Communications. Regardless, even

had Luken Communications objected at the time, the Court still would have granted leave to amend. Federal Rule of Civil Procedure 15(a)(2) states that a court should freely permit a party to amend its pleading at any time before trial if "justice so requires." Permission to amend should be denied only if the plaintiff is guilty of undue delay, bad faith, dilatory motive, or if an amendment would prejudice the opposing party. *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 307 (8th Cir. 2009). None of these elements are apparent in the present case. Rice filed his motion for leave to amend on November 15, 2011, in accordance with the deadline set forth in the Final Scheduling Order. Document #9 ("Leave to add parties or amend pleadings must be sought no later than NOVEMBER 15, 2011."). There is no evidence of bad faith; on the contrary, Rice has provided, and claims to have relied upon, an official Equity Media document stating that Equity Media, and not C.A.S.H. Services, sold Retro Television Network to Luken Communications. *See* Document #38-3. Additionally, the Court can discern no dilatory motive or prejudice that would befall Luken Communications by such an amendment. Even if the amendment were to be construed as adding a new party, that party was obviously known to Luken Communications well before the proposed amendment.

The issue, then, is whether an amendment adding Rice as Trustee for C.A.S.H. Services as a plaintiff relates back to the initial complaint. That issue is governed by Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure, which provides that an amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading. A leading treatise explains:

> Courts deciding whether to allow amendments changing plaintiffs to relate back to the filing of the original complaint seem to concentrate on the notice and identity-of-interest factors as they do in the case of amendments changing defendants. Relation back thus will be permitted unless the court finds that defendant did not have adequate notice or that the new and the existing plaintiffs did not share a sufficient identity of interest. Thus, an amendment substituting a new plaintiff has been held to relate back if the added plaintiff is the real party in interest.

6A Wright, Miller, and Kane, Federal Practice & Procedure: Civil 3d § 1501 (2010) (footnotes omitted).

Rice, as Trustee for C.A.S.H. Services, is the real party in interest pursuant to Rule 17 of the Federal Rules of Civil Procedure. Luken Communications obviously had notice that C.A.S.H. Services was a transferor or the transferor in the transaction when it purchased Retro Television Network. The first amended complaint sets out a claim that arises out of the same transaction that was the subject of the original pleading. Luken Communications does not explain any way in which it has been or will be prejudiced by allowing the amendment of the complaint to relate back. Because the first amended complaint relates back to the original pleading, the claim of Rice as Trustee for C.A.S.H. Services would not be barred by limitations, even if Rice was not a party to the original complaint in his role as C.A.S.H. Services' Trustee. The motion to dismiss is therefore DENIED. Document #35.

IT IS SO ORDERED this 2nd of April, 2012.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE