IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

M. RANDY RICE, as Chapter 7 Trustee                      PLAINTIFF

v.                      Case No. 4:11CV00386 KGB

LUKEN COMMUNICATIONS, LLC                      DEFENDANT

**OPINION AND ORDER**

Before the Court is the motion to dismiss for lack of subject matter jurisdiction filed by defendant Luken Communications, LLC ("Luken Communications") (Dkt. No. 105).[1] This motion to dismiss reasserts certain arguments raised by Luken Communications in its first motion *in limine* and to strike and request for emergency hearing (Dkt. No. 91). M. Randy Rice, Chapter 7 trustee of Equity Media Holdings Corporation ("Equity Media") and its jointly administered subsidiary debtors, including C.A.S.H. Services, Inc. ("C.A.S.H."), filed a response to the first motion *in limine* (Dkt. No. 107).

Trustee Rice at the time of filing the operative complaint was the Chapter 7 trustee of Equity Media and its jointly administered subsidiary debtors, including C.A.S.H. He initiated this adversary proceeding in bankruptcy court to avoid and recover an alleged preferential and fraudulent transfer of an interest in property from the transferors or transferor Equity Media and/or C.A.S.H. to defendant Luken Communications. On June 24, 2008, Equity Media, C.A.S.H., and Retro Programming Services, Inc., on the one hand, and Luken Communications, on the other hand, closed the Stock Purchase Agreement.[2] Trustee Rice seeks to avoid the RTN

---

[1] This motion was filed on June 4, 2013. Although he has responded to the substance of the arguments by responding to the first motion *in limine*, Trustee Rice has not responded to the motion to dismiss, and his deadline for doing so is not until after the trial is scheduled to begin. No party has moved for a continuance of the scheduled trial date.

[2] The Court will refer to this transaction as the "RTN Transfer," as the parties have.

Transfer on the basis that the purchase by Luken Communications constituted a preference under 11 U.S.C. § 547 and constituted a fraudulent conveyance pursuant to 11 U.S.C. § 548 and the Uniform Fraudulent Transfer Act, Ark. Code Ann. § 4-59-201 *et seq*.  Trustee Rice also seeks to recover the alleged preferential and fraudulent transfer under 11 U.S.C. § 550.

The burden of proving subject matter jurisdiction rests on the plaintiff.  *Hoekel v. Plumbing Planning Corp.*, 20 F.3d 839, 840 (8th Cir. 1994).  To survive a challenge pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, the pleadings must sufficiently demonstrate a basis for the subject matter jurisdiction.  *Bowe v. Northwest Airlines, Inc.*, 974 F.2d 101, 103 (8th Cir. 1992).  In certain circumstances, the Court may consider matters outside the pleadings in making subject matter jurisdiction determinations.  *Drevlow v. Lutheran Church*, 991 F.2d 468, 470 (8th Cir. 1993); *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990).  When considering a challenge to subject matter jurisdiction pursuant to Rule 12(b)(1), the Court must assume the factual allegations provided by the plaintiff are true.  *Wheeler v. St. Louis Southwestern Ry. Co.*, 90 F.3d 327, 329 (8th Cir. 1996).  For these reasons, the Court should dismiss plaintiff's cause of action for lack of subject matter jurisdiction sparingly and cautiously and only when no basis for subject matter jurisdiction exists.  *Wheeler*, 90 F.3d at 329; *Bowe*, 974 F.2d at 103; *Huelsman v. Civic Ctr., Corp.*, 873 F.2d 1171, 1174 (8th Cir. 1989).

In moving to dismiss for lack of subject matter jurisdiction, Luken Communications characterizes the present matter as "an action by a chapter 7 trustee, on behalf of a debtor transferor, for avoidance and recovery, pursuant to statutory authority under Title 11 of the United States Code, including § 548(a)(1)(B)" (Dkt. No. 105, at 1).  Luken Communications asserts that actions pursuant to 11 U.S.C. § 548(a)(1)(B) are granted only to a bankruptcy trustee

and may be pursued only to recover a transfer by a debtor. Luken Communications contends that, on November 19, 2012, Trustee Rice filed his Report of No Distribution, requested to be discharged from his duties as trustee in the C.A.S.H. bankruptcy, and was relieved of his duties as trustee for C.A.S.H. *See* Docket Sheet, Case No. 4:08-bk-17974. Luken Communications asserts that, because there was neither a debtor nor a trustee related to the former C.A.S.H. as of the date it filed its motion to dismiss for lack of subject matter jurisdiction, Trustee Rice lacks authority to pursue a cause of action on behalf of C.A.S.H. Luken Communications also asserts that Equity Media had no ownership interest in the asset transferred by C.A.S.H. to Luken Communications and that, therefore, standing on behalf of Equity Media does not lie without the association of C.A.S.H.

Trustee Rice responds by noting that he has moved to reopen C.A.S.H.'s bankruptcy and that he also is seeking to recover the RTN Transfer in his capacity as Chapter 7 trustee of Equity Media. As an initial matter, the Court notes that the bankruptcy court entered an order reopening case and instructing appointment of trustee in the C.A.S.H. bankruptcy, determining prior to entering the order that no notice or hearing was appropriate under the circumstances set out in the motion to reopen the case. *See* Docket Sheet, Case No. 4:08-bk-17974.

Trustee Rice also asserts that, in addition to pursuing this lawsuit in his capacity as Chapter 7 trustee of C.A.S.H., he has always maintained he can alternatively recover in his capacity as Chapter 7 trustee of Equity Media. Regardless of the language used in the Stock Purchase Agreement between Equity Media, C.A.S.H., and Luken Communications, Trustee Rice maintains that "all of the consideration benefitted Equity Media. If the Trustee is able to establish that RTN was in substance 'an interest of [Equity Media] in property,' *see* 11 U.S.C. §

548(a)(1), then he can recover the RTN Transfer in his capacity as chapter 7 trustee of Equity Media" (Dkt. No. 107, at 9).

Given the applicable law, the state of the C.A.S.H. bankruptcy at this time, and the allegations made by Trustee Rice in the operative complaint and in response to arguments that this Court lacks subject matter jurisdiction, the Court denies Luken Communications's motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 105). Trial in this matter remains set as scheduled for Monday, June 17, 2013.

SO ORDERED this the 7th day of June, 2013.

_____
Kristine G. Baker
United States District Judge