IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

M. RANDY RICE, as Chapter 7 Trustee          PLAINTIFF

v.         Case No. 4:11-cv-00386-KGB

LUKEN COMMUNICATIONS, LLC         DEFENDANT

## OPINION AND ORDER

Before the Court is the motion for partial summary judgment filed by plaintiff M. Randy Rice, Chapter 7 Trustee ("Trustee Rice") (Dkt. No. 86). Defendant Luken Communications, LLC ("Luken Communications") has responded (Dkt. No. 96). For the following reasons, Trustee Rice's motion for partial summary judgment is denied without prejudice.

Federal Rule of Bankruptcy Procedure 7056(c), applying Federal Rule of Civil Procedure 56(c), provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970). Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial, and may not rest on its pleadings or mere assertions of disputed facts to defeat motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A 'genuine issue' in the context of a motion for summary judgment is not simply a 'metaphysical doubt as to the material facts.'" *Id.* Rather, "a genuine issue exists when the evidence is such that a reasonable fact finder could find for the

non-movant." *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). When ruling on a motion for summary judgment, a court must view all facts in a light most favorable to the non-moving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. *Robinson v. Monaghan*, 864 F.2d 622, 624 (8th Cir. 1989) (citing *Trnka v. Elanco Prods. Co.*, 709 F.2d 1223, 1224-25 (8th Cir. 1983)).

Trustee Rice "seeks a ruling that *if* he prevails on his fraudulent transfer claim pursuant to 11 U.S.C. § 548 of the Bankruptcy Code, then he is entitled to recovery of the value of the transferred property pursuant to 11 U.S.C. § 550(a)" (emphasis added) (Dkt. No. 87, at 2). Trustee Rice requests that the Court enter an order granting the partial summary judgment (i) that the appropriate remedy is for the Court to order Luken Communications to pay Trustee Rice the value of the property transferred pursuant to the Retro Television Network Transfer ("RTN Transfer"), (ii) that Luken Communications is not entitled to a lien pursuant to 11 U.S.C. § 550(e), and (iii) all other relief that may be deemed proper. The Court denies Trustee Rice's motion on two independent bases.

First, in opposing Trustee Rice's motion, Luken Communications contends, and this Court agrees, that "[t]here is simply no compelling reason to make a pre-trial determination of what the Rice will be entitled to collect *if* he prevails" (Dkt. No. 96, at 5). If Trustee Rice succeeds on the merits of his § 548(a)(1)(B) claim, at that time, Trustee Rice will have an opportunity to argue the points made in this partial motion for summary judgment. If this matter reaches that stage, the Court will be benefitted by the parties having presented their proof before exercising its discretion in determining which remedy is appropriate. *See In re Willaert*, 944 F.2d 463, 464 (8th Cir. 1991). In other words, the Court agrees with Luken Communications that it

would be premature to make a pre-trial determination of the remedy available should Trustee Rice prevail on his avoidance claims.

Second, the Court finds that there is a genuine dispute as to what the value of Retro Television Network ("RTN") was on June 24, 2008, the date of transfer.  In deciding the appropriate remedy under § 550, courts have looked to a number of factors, including "whether the value of the property is contested, whether the value of the property is readily determinable, whether the value has diminished, and whether a monetary award would work a savings to the estate." *In re Prosser*, 06-30009, 2009 WL 3270765 (Bankr. D.V.I. Oct. 9, 2009).  Because of the factual disputes in this case – especially regarding the value of the RTN and certain terms of the RTN Transfer – the Court cannot engage in a meaningful analysis of these factors at this stage.  The key factual dispute in this case, as acknowledged by all parties, is what the value of the RTN was on the date of transfer.  Again, the Court will be better suited to make the § 550 determination, including addressing the relevant factors listed above, once the parties have presented their proof at trial.

For these reasons the Court denies Trustee Rice's motion for partial summary judgment (Dkt. No. 86).  The Court makes clear, however, that this Order does not prevent Trustee Rice from rearguing the points made in his motion for partial summary judgment, if this case reaches the stage where the Court is required to make the § 550 determination.

SO ORDERED this the 10th day of June, 2013.

_____
Kristine G. Baker
United States District Judge