IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**M. RANDY RICE, as Chapter 7 Trustee**  PLAINTIFF

v.  Case No. 4:11-cv-00386-KGB

**LUKEN COMMUNICATIONS, LLC**  DEFENDANT

## ORDER

Before the Court is the second motion *in limine* to exclude "valuation" reports and objection to business records classification filed by Luken Communications, LLC ("Luken Communications") (Dkt. No. 101). Plaintiff M. Randy Rice, as Chapter 7 Trustee ("Trustee Rice"), has responded (Dkt. No. 116). For the reasons that follow, the motion is denied without prejudice.

Trustee Rice filed affidavits related to records he intends to introduce and rely upon at trial, including the Ladenburg Presentation, the BIA report, the Thomas Weisel Opinion, and the Holt Report (respectively Dkt. Nos. 75, 76, 79, 81) (collectively "the valuation reports"). Luken Communications seeks a determination from this Court that these documents are "(1) not business records for the purposes of the exception to hearsay, and (2) are expert opinions not admissible under FRE 702 & 703" (Dkt. No. 101, at 2). At this time, the Court denies Luken Communications's motion to exclude the valuation reports.

The Court will not exclude at this time the valuation reports based on the arguments advanced by Luken Communications. First, the Court determines that the valuation reports clear one level of hearsay in that they are business records of the firms that drafted them. Rule 803(6) of the Federal Rules of Evidence provides that a record of an act, event, condition, opinion, or diagnosis if: (A) the record was made at or near the time by—or from information transmitted

by—someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Here, as to the valuation reports created by Ladenburg, BIA, Thomas Weisel, and Holt, the Court determines that, within the meaning of Fed. R. Evid. 803(6), they qualify as business records of the firms that drafted them. The affidavits of record demonstrate that the valuation reports are documents that were created in the course of regularly conducted activity and maintained as a regular practice of the respective firms.

The Court reserves ruling on all other evidentiary objections regarding the valuation reports until objections are made at the time of trial.

Luken Communications's second motion *in limine* to exclude "valuation" reports and objection to business records classification is denied without prejudice (Dkt. No. 101). If appropriate, Luken Communications may renew these objections and arguments at trial.

SO ORDERED this the 11th day of June, 2013.

*/s/ Kristine G. Baker*
_____
Kristine G. Baker
United States District Judge