IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**M. RANDY RICE, as Chapter 7 Trustee**                                                          **PLAINTIFF**

v.                                      Case No. 4:11-cv-00386-KGB

**LUKEN COMMUNICATIONS, LLC**                                                                **DEFENDANT**

## ORDER

Before the Court is a motion *in limine* filed by Plaintiff M. Randy Rice, as Chapter 7 Trustee ("Trustee Rice") (Dkt. No. 102). Luken Communications, LLC ("Luken Communications") has responded (Dkt. No. 110). Trustee Rice's motion contains a number of independent motions, which the Court addresses in the same order as the parties have:

I.      Trustee Rice moves to exclude certain references to insurance companies. The motion is granted. If this evidence becomes relevant at trial for some purpose, approach the bench before introducing or eliciting such evidence.

II.     Trustee Rice moves to exclude "[t]hat the named Defendant may or may not have to pay any resulting judgment." The motion is granted.

III.    Trustee Rice moves to exclude "[a]ny reference to discovery disputes that arose during the preparation of the case for trial, any position taken by any party with respect thereto, or to the Court's rulings thereon." The motion is granted.

IV.     Trustee Rice moves to exclude "[a]ny reference to any *ex parte* statement of any witness or alleged witness, other than an adverse party or agent of an adverse party, unless and until such witness has been called to testify and has given testimony conflicting with such *ex parte* statement. A deposition or a statement in business or medical records that have been proved up as required by the Rules of Evidence is not an *ex parte* statement." The Court

reserves ruling on this motion until the time of trial. All parties are directed to refrain from referring to such evidence in opening statement. Before any party references an *ex parte* statement of any witness or alleged witness, other than an adverse part or agent of an adverse party, counsel should approach the bench.

V. Trustee Rice moves to exclude any statement or suggestion as to the probable testimony of (1) any witness or alleged witness, or (2) any alleged witness who is unavailable to testify, or (3) any alleged witness whom the party suggesting such testimony does not, in good faith, expect to testify in the trial. Trustee Rice requests an exception. He requests that, if the party anticipates the witness is expected to testify by deposition, this provision not apply to testimony contained in the deposition expected to be offered. The motion is granted, with the understanding that this ruling does not apply to testimony any party intends to offer by deposition at trial which the Court has ruled admissible.

VI. Trustee Rice moves to exclude "[a]ny reference to the failure of an opposing party to call any witness." The Court reserves ruling on this motion until the time of trial. All parties are directed to refrain from referring to such evidence in opening statement. Before any party references the failure of an opposing party to call any witness, counsel should approach the bench.

VII. Trustee Rice moves to prohibit "[s]howing any documents, photographs or visual aids to the jury, or displaying same in such a manner that the jury or any member thereof can see the same, unless and until the same has been tendered to opposing counsel, and has been admitted in evidence or approved for admission or use before the jury, either by the Court or by all counsel." The motion is granted.

VIII.   Trustee Rice moves to exclude "[a]ny request or demand in the presence of the jury for a stipulation to any fact, or that counsel admit or deny any fact."  The motion is granted.

IX.   Trustee Rice moves to exclude "[a]ny request or demand in the presence of the jury that opposing counsel produce any document or thing, or that opposing counsel or any party or witness exhibit, turn over or allow examination of the contents of any file or briefcase (except that a party may demand to see a document used by a witness on the stand to refresh his/her recollection, or that a witness testifies that he/she has used previously to refresh his/her recollection)."  The motion is granted.

X.   Trustee Rice moves to exclude "[a]ny argument that a party should be treated more or less favorably because of such party's race, gender, national origin, nationality, religion, marital status, occupation, or financial status (except in the second phase of a bifurcated trial)."  The motion is granted.

XI.   Trustee Rice moves to exclude "[a]ny argument or suggestion that jurors should put themselves in the position of a party."  The motion is granted.

XII.   Trustee Rice moves to exclude "[a]ny argument that any finding or failure to find in response to a particular jury question will, or will not result in a judgment favorable to any party. This provision does not bar argument by counsel that a particular jury question should be answered in a particular way."  The Court reserves ruling on this motion until the time of trial. All parties are directed to refrain from referring to such evidence in opening statement.  Before any party argues that any finding or failure to find in response to a particular jury question will, or will not, result in a judgment favorable to any party, counsel should approach the bench.

XIII.   Trustee Rice moves to prohibit "[c]alling any witness, or offering any document in evidence, if the identity of such witness or the document has not been disclosed in response to

a proper discovery request. If a party has a good faith basis to urge that such witness or document should be received either because (a) no discovery request properly called for its disclosure, or (b) good cause existed for failure timely to disclose, such party shall first approach the bench and secure a ruling thereon." The motion is granted.

XIV. Trustee Rice moves to exclude reference to the fact "[t]hat this Motion was filed." The motion to exclude mention of the filing of the pending motion and all other motions *in limine* is granted.

XV. Trustee Rice moves to prevent "[a]ny objection based on failure to disclose evidence in pre-trial discovery. Any party desiring to urge any such objection shall request to approach the bench and urge such objection outside the hearing of the jury. To the extent possible or predictable, such matters should be addressed and a ruling sought at pre-trial once the case is assigned for trial, although the objection may be urged for the record outside the hearing of the jury at the time such evidence is offered in the event the Court has overruled the objection at pre-trial." The motion is granted.

XVI. Trustee Rice moves *in limine* "[t]hat no witness be allowed to render expert opinions until qualified as an expert in the field the opinion will be offered." The motion is granted. All parties are directed to refrain from referring to such evidence in opening statement. The Court refers the parties to the pretrial memorandum circulated by the Court that addresses qualifying expert witnesses.

XVII. Trustee Rice moves "[t]o exclude from the courtroom in the sight and presence of the jury all cameras, motion picture film, motion picture machines, unless and until the attorneys of Plaintiff has had an opportunity to see such motion picture films and has had a chance to raise any objections to the admissibility of said motion picture films." This motion is granted.

XVIII. Trustee Rice moves to exclude reference to "[t]he time or circumstances under which the Plaintiff employed any attorneys who has ever represented Plaintiff in connection with these matters, any conversations or transactions between said attorneys and Plaintiff." The motion is granted.

XIX. Trustee Rice moves to exclude reference to "[w]hether Plaintiff's lawyer represents Plaintiff on a contingent fee or a cash fee or any other kind of fee, and who is paying expenses in connection with the litigation." The motion is granted.

XX. Trustee Rice moves to exclude reference to "[w]hether or not Plaintiff has ever made prior claims for money in connection with his duties as Trustee of Equity Media and its Jointly Administered Subsidiary Debtors, and/or whether or not said claims resulted in settlements or lawsuits having been filed or tried, including, but not limited to, that certain lawsuit filed by the Trustee against the former directors and officers of Equity Media, including, Richard Rochon, Robert B. Becker, Larry Morton, Manuel Kadre, John E. Oxendine, Michael W. Pierce, Robert C. Farenhem, Jacob J. Barker, Michael T. Flynn, James Hearnsberger, Patrick Doran, Glenn Charlesworth, Gregory W. Fess, Lori Withrow, Mario B. Ferrari and Henry G. Luken III, originally filed in the United States District Court for the Eastern District of Arkansas (the "Bankruptcy Court") as adversary proceeding number 4:10-ap-01256 and had its reference withdrawn from the Bankruptcy Court and transferred to the United States District Court for the Eastern District of Arkansas as case number 4:11-cv-00483-SWW (the "D&O Litigation"). Rules 401, 402, 403, and 408 Federal Rules of Evidence." The Court reserves ruling on this motion until the time of trial. All parties are directed to refrain from referring to such evidence in opening statement. Before any party mentions whether or not Trustee Rice has ever made prior claims for money in connection with his duties as Trustee of Equity Media and its Jointly

Administered Subsidiary Debtors, and/or whether or not said claims resulted in settlements or lawsuits having been filed or tried, including, but not limited to, that certain lawsuit filed by the Trustee against the former directors and officers of Equity Media, including the D&O Litigation, counsel should approach the bench

XXI.  Trustee Rice moves to exclude "[a]ny reference whatsoever to settlements or attempted settlement by Plaintiff in connection with any Defendant in this lawsuit, or any settlements or attempted settlements of the D&O Litigation. Rules 401, 402, 403, and 408 Federal Rules of Evidence."  The Court reserves ruling on this motion until the time of trial.  All parties are directed to refrain from referring to such evidence in opening statement.  Before any party mentions or makes any reference whatsoever to settlements or attempted settlement by Trustee Rice in connection with any defendant in this lawsuit, or any settlements or attempted settlements of the D&O Litigation, counsel should approach the bench

XXII. Trustee Rice moves to exclude "[a]ny reference whatsoever to the dismissal of any Defendant from this lawsuit."  The Court reserves ruling on this motion until the time of trial.  All parties are directed to refrain from referring to such evidence in opening statement.  Before any party mentions or makes any reference whatsoever to the dismissal of any defendant from this lawsuit, counsel should approach the bench.

XXIII. Trustee Rice moves *in limine* "[t]hat Defendant not reference or attempt to offer documents or other tangible items not properly identified and disclosed in Pre-Trial Statement. Rules 401, 402 and 403, Federal Rules of Evidence."  The motion is granted as to all parties.

XXIV. Trustee Rice moves *in limine* "[t]hat Defendant not be permitted to present any evidence or elicit any testimony regarding the financial condition of RTN, RetroTV and/or Luken Communications after June 24, 2008 as any such evidence is irrelevant and unduly

6

prejudicial, as reasonable equivalence is determined as of the date of the transfer." The Court reserves ruling on this motion until the time of trial. All parties are directed to refrain from referring to such evidence in opening statement. Before any party mentions or makes any reference or presents any evidence or elicits any testimony whatsoever regarding the financial condition of RTN, RetroTV and/or Luken Communications after June 24, 2008, counsel should approach the bench.

XXV. Trustee Rice moves *in limine* "[t]hat Defendant not be permitted to present any evidence or elicit any testimony regarding any alleged undisclosed liabilities that Defendant was allegedly forced to assume as any such evidence is irrelevant and unduly prejudicial, as reasonable equivalence is determined as of the date of the transfer." The Court reserves ruling on this motion until the time of trial. All parties are directed to refrain from referring to such evidence in opening statement. Before any party mentions or makes any reference or presents any evidence or elicits any testimony whatsoever regarding any alleged undisclosed liabilities that defendant was allegedly forced to assume, counsel should approach the bench.

XXVI. Trustee Rice moves *in limine* "[t]hat Defendant not be permitted to present any evidence or elicit any testimony regarding the alleged defense of an undisclosed lawsuit by another company challenging Retro's use of the RTN or Retro Television Network, as it had been operating under, as reasonable equivalence is determined as of the date of the transfer." The Court reserves ruling on this motion until the time of trial. All parties are directed to refrain from referring to such evidence in opening statement. Before any party mentions or makes any reference or presents any evidence or elicits any testimony whatsoever regarding the alleged defense of or facts or allegations relating to an undisclosed lawsuit by another company

challenging Retro's use of the RTN or Retro Television Network, as it had been operating under, counsel should approach the bench.

XXVII. Trustee Rice moves *in limine* "[t]hat Defendant not be permitted to present any evidence or elicit any testimony regarding any affirmative defenses which have not been properly pled or asserted, including, but not limited to, the affirmative defense provided in 11 U.S.C. § 548(c), the affirmative defense provided in 11 U.S.C. § 548(d), or the affirmative defense provided in 11 U.S.C. § 550(b)." The Court reserves ruling on this motion until the time of trial. All parties are directed to refrain from referring to such evidence in opening statement. Before any party mentions or makes any reference or presents any evidence or elicits any testimony whatsoever regarding any affirmative defenses which have not been properly pled or asserted, including, but not limited to, the affirmative defense provided in 11 U.S.C. § 548(c), the affirmative defense provided in 11 U.S.C. § 548(d), or the affirmative defense provided in 11 U.S.C. § 550(b), counsel should approach the bench.

XXVIII. Trustee Rice moves *in limine* "[t]hat Defendant not be permitted to present any evidence or elicit any testimony regarding the alleged good faith of Luken Communications or any of its members, principals, or investors, as such evidence and testimony is unduly prejudicial, as Defendant has waived its affirmative defenses related to good faith." The Court reserves ruling on this motion until the time of trial. All parties are directed to refrain from referring to such evidence in opening statement. Before any party mentions or makes any reference or presents any evidence or elicits any testimony whatsoever regarding the alleged good faith of Luken Communications or any of its members, principals, or investors, counsel should approach the bench.

SO ORDERED this the 14th day of June, 2013.

_____
Kristine G. Baker
United States District Judge